UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDMOND HARRIS | CIVIL ACTION |
| v. | NO. 17-7984 |
| AUDUBON AQUARIUM OF THE AMERICAS | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. Audubon Nature Institute, Inc. (incorrectly referred to as "Audubon Aquarium of the Americas" in the plaintiff's complaint) has filed a motion to dismiss. No memorandum in opposition to the defendant's motion to dismiss, which is noticed for submission on November 15, 2017, has been timely filed.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] On August 18, 2017, Mr. Harris filed a complaint for violation of civil rights under 42 U.S.C. § 1983 as well as Title VII against the Audubon Aquarium of the Americas. He alleges that he worked for the defendant and on May 19, 2017, he was told to drive a golf cart to retrieve a hose. When he returned to the security gate, the security guards did not open the gate. Mr. Harris alleges that when he reached to hit the call button, the golf cart lurched

1

forward to hit the gate, forcing it off the track. He put the gate back in place and then electricians reprogrammed the gate so that it worked properly. Even though he says his supervisors knew the golf cart's brakes were faulty, he was fired. Mr. Harris alleges that he believes that he was fired because his supervisor is a bigot. Mr. Harris alleges that he was told that white employees do not get fired for accidents unless they cause numerous accidents. On the same day that Mr. Harris filed his EEOC charge of discrimination, the EEOC closed its file on the charge because it was "unable to conclude that the information obtained establishes a violation of the statutes."

The defendant seeks to dismiss Mr. Harris's claims under Section 1983 and Title VII for failure to state a claim. Because Mr. Harris fails to plead facts that give rise to a claim under Section 1983 and Title VII, the Court finds dismissal is warranted. With respect to Section 1983, the plaintiff fails to allege facts that the alleged deprivation was committed by a person acting "under color of state law." See West v. Atkins, 487 U.S. 42, 49 (1988)(citation omitted). The Audubon Nature Institute, Inc. is a non-profit corporation; the plaintiff fails to suggest how Audubon might be a state actor or otherwise clothed with the authority of state law.

With respect to Title VII, the plaintiff also fails to state a claim on which relief may be granted. Of course, a plaintiff "need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013)(citation omitted). "[T]he 'ultimate question' in a Title VII disparate treatment [case] is 'whether a defendant took the adverse employment action against a plaintiff *because of* [his] protected status." Id. (quotation omitted, emphasis in original). Here, the defendant contends that the plaintiff provides only conclusory allegations that his employment was terminated because of his race. Not only does he fail to specify his race in the complaint, he offers nothing more than speculation that white employees are treated differently: he does not indicate the jobs or work violations of the "white" employees he references. Accordingly, the complaint fails to offer any facts that would plausibly suggest that the defendant treated similarly situated employees of other races more favorably. The defendant argues that rumors and conclusory allegations are insufficient to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. The Court agrees. See Whitlock v. Lazer Spot, Inc., 657 Fed.Appx. 284, 286-87 (5th Cir. 2016). Because Mr. Harris has

2

that the defendant's motion to dismiss is hereby GRANTED as unopposed. The plaintiff's claims are hereby dismissed with prejudice.

New Orleans, Louisiana, November 15th, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

failed to allege sufficient facts supporting his claim that Audubon fired him because he is African American, his Title VII claim must also be dismissed.